## LABIOSA v. GOVERNMENT OF THE CANAL ZONE.

### No. 13846.

United States Court of Appeals
Fifth Circuit.

July 31, 1952.

Arthur B. Hammond, Jr., Richard B. Montgomery, Jr., Cicero C. Sessions, New Orleans La., Woodrow de Castro, Ancon, Canal Zone, for appellant.

Rowland K. Hazard, U. S. Dist. Atty., Kay P. Fisher, Asst. U. S. Dist. Atty., Ancon, Canal Zone, for appellee.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant was convicted of the offense of statutory rape of a female thirteen years of age,[1] alleged to have been committed July 4th, 1951, and sentenced to imprisonment for a term of ten years. The assignments of error present the contention that the Court committed prejudicial error in permitting the Government's counsel, upon cross-examination, to interrogate the defendant, who testified as a witness in his own behalf, as to conversations with a police officer, one Cato May, in the early part of January, 1951, as is set forth in the margin.[2] Immediately before such interrogation this officer had been brought into the courtroom and appellant asked to identi-

1. Section 401–a, Title 5, Canal Zone Code.
2. "Q. Do you recall telling this officer, Cato May, referring to this automobile shown in Exhibit No. '5' that it was made

to order for picking up girls in Panama? A. I said before, I don't remember ever seeing this man.

"Q. I asked you, do you remember

fy him. Defendant denied that he had ever before seen the officer, or that he had ever conversed with him. The cross-examination was objected to as being without proper foundation. Upon the close of the defendant's evidence, officer May was called to the stand for the purpose of contradicting the testimony of the defendant and establishing that he had made the statements about which counsel had questioned him. Upon objection being indicated, the Court retired to its chambers and heard the proposed testimony of the witness, which was to the effect that such conversations as referred to in the cross-examination of the defendant, and then denied by him, had been had. Upon motion then and there made that the questions and answers listed upon cross-examination of the defendant be stricken, the Court overruled the motion as made too late. Upon objection to the proposed testimony of the officer, counsel for the Government took the position that, since no objection had been made at the time of the cross-examination, if the officer was not permitted to testify the Government would be left in the position "for the jury to infer that we weren't in any position to show that the questions that I propounded to the defendant had a basis in fact," and that the Government should at least be permitted to test the defendant's credibility by putting in the record the testimony of the officer with a proper instruction to the jury that it should be considered only for the purpose of testing the credibility of the defendant. After some discussion, the Court accepted this view to the extent that the District Attorney was permitted to read that portion of the transcript covering defendant's cross-examination and to ask the witness if such a statement was made. Defendant's counsel renewed his objection upon the ground that the ruling of the Court effectuated the same end and purpose of impressing upon the jury evidence of other offenses with women and children other than the prosecutrix. This objection was overruled, the trial was resumed, and, before the jury, the transcript was read and the officer testified that the statements were made to him. Thereupon the Court cautioned the jury that the evidence of this witness should "be considered by you only for the purpose of contradicting the accused if in your mind it does contradict, and the evidence and testimony of this officer shall not be considered by you for any other purpose than that of contradicting the accused, if you believe it does contradict him." The officer-witness further testified that at the time of the conversations the parties were standing under a floodlight and the policeman was dressed in a police uniform.

Upon this appeal it is the contention of the Government that the cross-examination of the defendant and the testimony of the officer were both proper as evidence of acts similar to the one charged which tended to prove the identity of the accused; and that

making that statement? A. No, sir. I don't know the man.

"Q. And do you recall telling this officer the technique you utilized in performing this job? A. I don't remember the man, sir. I don't remember talking to him.

"Q. —that you had gone into Panama and would hold out employment— A. I don't remember ever seeing this man.

"Q. —to girls—offering them a job? I am asking you this question. Do you recall telling this officer that you'd take this car out, going into Panama City, and then by offering a job or employment to the girl walking along the street, you would succeed in inveigling her into the car, whereupon you would take her to some isolated spot, offer her money and then proceed to have sexual intercourse with her? A. That's fantastic, sir. No, sir.

"Q. You don't remember. telling that story? A. No, sir. Or any other story.

"Q. Do you remember telling this officer, at least on one other occasion during the month of January, 1951, in the evening while you were a guard at Pier 20, that you accomplished these conquests frequently, using the technique that you had indicated on the first occasion? Do you recall making that statement to the officer? A. Another fantastic story. No, sir.

"Q. Again I ask you. You don't ever recall seeing this officer before? A. I don't remember, no, sir.

"Q. Don't recall any conversation with this officer. A. That's what I said before. No, sir."

the defendant can not complain of the action of the Court in restricting the use of the testimony to impeachment purposes as this was less damaging than if the purpose had been extended to include identification. Under the testimony of the prosecution there remains no doubt that the offense of statutory rape had been committed. This question was in no way controverted by the defendant. The sole question at issue was whether the defendant was the perpetrator of the offense. This he strenuously denies. The evidence on behalf of the prosecution showed that the victim, while on an errand for her employer, was approached by a man who was driving a gray automobile and asked if she would be interested in a job taking care of a small child. At his invitation she got into the automobile with him to go "to see the work." This meeting took place in Panama City. The car was then driven into the Canal Zone where the driver of the car pointed out to her the house in which she was to be employed. From there he drove to a spot identified as being in an area of the Canal Zone known as the "Three Hundred Area." There he parked the automobile and offered her sixty dollars as a present so that she "might purchase clothes and shoes with it." She refused the money, whereupon he offered her an additional sum which she likewise refused. He then proceeded to have sexual intercourse with her. Upon his completing the act, she alighted from the car and he drove off.

Appellant was identified by the victim as being the man who was driving the gray automobile on the day in question and who perpetrated the assault upon her. His automobile was identified as the one in which the assault took place.

As a witness in his own behalf, appellant denied the charges made against him and denied that he had ever seen the victim before the time of his arrest.

■ While other contentions are made by the defendant to support his claim of error, such as that the scope of the cross-examination touched upon matters not mentioned on direct examination, and that the prosecution should not be permitted by cross-examination to create a basis for impeachment by proof of facts contradicting those thereby elicited, and that the admissions denied by the defendant, and proved by the officer, were themselves inadmissible because relating to other independent offenses, such objections are of necessity predicated upon the fundamental point that the evidence of such other offenses was not relevant because not logically tending to prove that the defendant committed the offense for which he was tried and convicted. If the proof brought forward by the testimony of the admissions was relevant we are not prepared to hold that the time and manner whereby they were presented as a part of the Government's case would constitute reversible error, especially since such questions as to whether evidence shall be received in chief or in rebuttal rests largely within the discretion of the trial Court. Also, if such evidence was relevant to the determination of the issue in the case the development of the truth as to whether such admissions were in fact made could be properly considered upon the question of impeachment of the defendant as a witness.

■ It is, of course, uniformly established that the general rule which requires the exclusion of evidence that the accused defendant has committed other offenses is subject to an equally well recognized exception that evidence of other crimes committed by such accused is admissible to prove his identity as the perpetrator of the offense for which he is being tried. Evidence which may properly be said to identify the accused as the person who committed the offense under investigation is not to be rejected merely because it may establish that the defendant has been guilty of other crimes for which he is not on trial.[3] The books contain numerous cases so declaring. Nevertheless, recognizing the danger inherent in such proof that the defendant may in fact be improperly prejudiced by the confusion of issues, or the likelihood that the jury may illogically assume that since the defendant has committed one offense he may well, for that reason alone,

---

3. 20 Am.Jur. Evidence, Section 312; 22 C.J.S., Criminal Law, § 684.

be guilty of another, it is required that the proof of such similar offense be clear and that evidence of a vague and uncertain character regarding such an alleged offense should not be admitted.[4] In the present case, the admissibility of the testimony in question for the purpose of establishing the identity of the defendant was not brought in question in the trial Court. Upon our consideration of it we are of the opinion that the contents of the admissions are insufficient to establish admissions by the defendant that he had been guilty of similar offenses of statutory rape upon females under the age of 16 years so as furnish proof of his identity as the perpetrator of such offense. While the admissions, if true, showed a course of immoral conduct, extremely unbecoming on the part of a man 48 years of age, married, and with four children, such admissions do not go far enough to prove the commission of similar offenses. At least the matter is extremely doubtful and in such case the Court should resolve the doubt in favor of the defendant and reject the evidence. Even though the conduct was in either event improper it is as fair to assume that if he made the statements attributed to him, and which he denied, they related to his "conquests" of females above the age of 16, as well as those under such age. In fact, it seems more reasonable that in talking to a police officer of such slight acquaintance as is shown in this case the defendant was admitting the lesser offense on his part of adultery rather than the serious offense of statutory rape, for which, upon conviction, he could be sentenced to imprisonment for a period of time up to 50 years.

The case is a serious one. The defendant is faced with a sentence of ten years imprisonment. It is true that there is otherwise sufficient evidence in the record, if believed by the jury, to amply sustain the conviction. However, we are unable to say with certainty that without the admission of the evidence complained of the jury would have nevertheless convicted. The evidence admitted over objection was, of course, extremely damaging to the defense. The least that can be said is that propriety of its admission is highly doubtful. Under the circumstances of this case, we feel that the ends of justice require the grant of a new trial.

The judgment of the trial Court is set aside and a new trial ordered.

Judgment reversed.

---

4. Gart v. United States, 10 Cir., 294 F. 66.