Jack Harold HALFEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19467.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1963.

Rehearing Denied Oct. 9, 1963.

John M. Anderson, Fort Worth, Tex., for appellant.

William L. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., Barefoot Sanders, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and WISDOM and GEWIN, Circuit Judges.

WISDOM, Circuit Judge.

This is an appeal from a conviction for causing a forged money order to be transported in interstate commerce. The defendant, Jack Harold Halfen, alleges as error (1) the insufficiency of the evidence to connect him with the transaction in question, and (2) the admission into evidence of testimony relating to other forgeries purportedly committed by him.

In 1960 a series of money orders disappeared from the Western Union office at Superior, Nebraska. In January 1961, one of these money orders, countersigned by a fictitious person, was passed in Fort Worth, Texas, by the defendant. Using the name Robert Wilson, he purchased automobile seat covers with the money order and received cash in excess of the price of his purchase. The bank with whom the money order was deposited returned it as a forgery.

The appellant relies primarily upon the inability of Homer Snyder, a salesman for the Rayco Seat Cover Co. to identify him "positively" at the time of the trial as the man for whom he cashed the forged money order. Snyder did, however, make a tentative identification, stating that "there is a resemblance. There is no doubt about a resemblance being there, but as far as positively identifying the man from the short period of time I was in contact with him, I am reluctant to say positively." He identified also two photographs as resembling the man who had given him the money order, and there was ample evidence connecting them with Halfen. The record raises an inference that Snyder's reluctance to make a positive identification at the trial was because the defendant had dyed his hair a darker color and grown a moustache since the time of the forgery. Four other witnesses, who testified that Halfen was the same man who had passed or attempted to pass forged Western Union money orders from the same series as that lost or stolen from the Superior, Nebraska, office, all made positive identification, and all also noted that he had changed his appearance subsequently.

Evidence related to the car Halfen was driving clearly connects him with the forgery. Ralph Winton, vice president of Dumas Milner Chevrolet Co. in San Antonio, Texas, testified that Jack Halfen had purchased a 1960 two-tone, copper and beige Chevrolet station wagon prior to the time of the transaction, and Snyder stated that he had installed the seat covers for which the forged money order was given in a 1960 Chevrolet station wagon. Mrs. Paul Sawyer, office manager, and Wayne Hopkins, assistant manager of a supermarket in Texarkana, stated that Halfen had attempted to cash a money order at the store, had left hurriedly when questioned, and had driven away in two-tone Chevrolet which was brownish in color.

■ There was thus sufficient evidence, even without Snyder's unqualified identification, to warrant a jury's finding that the defendant was in fact the man who cashed the forged money order with the automobile seat cover company.

■ Appellant complains also that the evidence upon which the Government relied to show the theft or loss of the Western Union money orders and the lack of authority of the purported countersigners was neither admissible nor sufficient. The record indicates that Harold Brostrom, operations manager of Western Union in Omaha, Nebraska, testified concerning the loss of the series of orders from records which were produced in court and which he, as their custodian, authenticated. As for the lack of authority in the people whose names appear as countersigners, Mrs. Mary Dugger testified that she had worked at the Dudley Hotel in Superior, Nebraska, where the local Western Union office was located, for almost seven years and that only she, the hotel manager, and his wife had

authority to sign such orders. In these circumstances, the appellant's argument that only the manager of the office would know who had authority to sign the orders loses much of its force: in an office run by three people in connection with a small-town hotel, it is highly unlikely that any of the three would not know all of those authorized to make out the orders. This is particularly true in view of Mrs. Dugger's testimony that "we don't have a great deal of Western Union business," and that she saw the records of all such money orders which were made out.

■ The appellant urges strongly that the introduction of evidence concerning other transactions by the defendant in forged Western Union money orders was prejudicial. There is, of course, as this Court has recognized, a "danger inherent in such proof that the defendant may in fact be improperly prejudiced by the confusion of issues, or the likelihood that the jury may illogically assume that since the defendant has committed one offense he may well, for that reason alone, be guilty of another * * *." Labiosa v. Govt. of the Canal Zone, 5 Cir., 1952, 198 F.2d 282, 284–285. We stated in that same case, however, that there is a "well recognized exception that evidence of other crimes committed by such accused is admissible to prove his identity as the perpetrator of the offense for which he is being tried." 198 F.2d at 284. This was clearly the Government's purpose here in showing that the same defendant had cashed or attempted to cash forged money orders from the same series in Tulsa, Oklahoma City, and Texarkana. Snyder, the Government's chief witness to the fraudulent transaction for which Halfen was indicted, could not positively identify the defendant. Identity was, therefore, a real issue in the case, and the trial judge in his instructions properly limited the jury's consideration of the other offenses to the issues of identity, knowledge, and intent.

In Weiss v. United States, 122 F.2d 675, 682, (5th Cir., 1941), cert. den., 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550 (1941) this Court upheld the trial judge's permitting evidence of defendant's other frauds against the state to be introduced since their admission was restricted to the issue of intent. We there stated:

"The general rule is that evidence of another crime unconnected with the one on trial is inadmissible, but this rule is subject to a number of exceptions, the first of which is that evidence of other offenses by the accused is admissible to show his criminal intent as to the offense charged, where the other offenses are similar to and not too remote from that charged, and where intent is in issue as an element of the offense charged."

The appellant's other points on appeal have been considered, and we find no error warranting reversal of the jury's verdict.

The judgment is affirmed.