**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Luis Alberto Majia RESTREPO,**
**Defendant-Appellant.**

**No. 26494.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1969.

Gino P. Negretti, Miami, Fla., for defendant-appellant.

William A. Meadows, Jr., U. S. Atty., Robert L. Steuer, Asst. U. S. Atty., Theodore Klein, Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant was convicted of transporting a forged security in interstate commerce in violation of 18 U.S.C.A. § 2314 and with unlawfully possessing and concealing stolen travelers checks in violation of 18 U.S.C.A. § 2113(c). We affirm.

Appellant contends that his motion for judgment of acquittal on Count I (transporting a forged security) was erroneously denied because there was no evidence that he or anyone else forged a security. If, taking the view most favorable to the government, a reasonably-minded jury could accept the relevant and admissible evidence as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt, the denial of a motion for judgment of acquittal is proper. Sanders v. United States, 5 Cir. 1969, 416 F.2d 194; Jones v. United States, 5 Cir. 1968, 391 F.2d 273; Weaver v. United States, 5 Cir. 1967, 374 F. 2d 878; Stephens v. United States, 5 Cir. 1965, 354 F.2d 999; Lambert v. United States, 5 Cir. 1958, 261 F.2d 799. In the case *sub judice* there is evidence in the record from which the jury could reasonably have concluded that the security was forged. The vice president of the First National Bank of Miami identified the appellant, to the best of his recollection, as the man who came to him and signed the name "John J. U.

Arrien" to the draft which formed the basis of Count I. In addition, Arrien himself testified that the signature was false and was not his.

Appellant urges as error in his conviction on Count II (possessing and concealing stolen travelers checks) the introduction into evidence of a previous crime committed by him. He contends that such evidence prejudicially showed him as a forger and passer of bad checks.

On the day he was arrested appellant attempted to pay for merchandise at a men's store with an American Express Travelers Check. A store employee noticed a discrepancy in the spelling of the signatures at the top and bottom of the travelers check and the police were called. Upon arriving, the police placed appellant under arrest and searched him. During the search additional travelers checks fell to the floor. These checks and others subsequently obtained in a search of appellant's room—but not the check for which appellant was originally placed under arrest—formed the basis of Count II of the indictment.

During the trial, evidence of the events at the men's store was admitted over appellant's objection. The trial court instructed the jury that the fact of the arrest for the alleged attempted passing of the check was not evidence to be considered by them as to the offense charged in the indictment, but that it could be considered by them only on the issue of intent. This was eminently correct. Where prior similar criminal acts are not too remote in point of time from the offense charged, they are admissible to show intent. Matthews v. United States, 5 Cir. 1969, 407 F.2d 1371, 1381. Such acts are also admissible where they are part of a larger scheme and have a clear connection with and are patently a part of the crime charged. *Ibid.*

We have considered the other contentions of the appellant and find them without merit.

The judgment is

Affirmed.