UNITED STATES of America,
Plaintiff-Appellee,

v.

Isadore SHADLETSKY, also known as
Buddy Shad, Defendant-Appellant.

No. 73-2197
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 22, 1974.

Arnold D. Levine, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Manuel Menendez, Jr., Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBOLD and CLARK, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant was convicted on two counts charging that he operated as a retail dealer in liquors and wilfully, knowingly and unlawfully failed to pay the special tax required by law,[1] in violation of 26 U.S.C. § 5691(a). The offense is one requiring proof of specific intent.

The government offered in evidence over objection and as probative of knowledge or intent the record of an earlier state court conviction of selling liquor without a license, a misdemeanor which did not require proof of specific intent. The court admitted the evidence with an instruction limiting it as proffered, and gave another limiting in-

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. 26 U.S.C. § 5121 requires every retail dealer in liquors to pay a tax of $54 a year.

struction as part of the charge to the jury.

■ ■ Admission into evidence of a prior offense as tending to show intent to commit the offense presently charged requires similarity but not precise identity of offenses. The similar offense must include the essential physical elements of the offense charged, and those physical elements, but not the mental ingredients, must be clearly shown by evidence that is "plain, clear and conclusive." United States v. Broadway, 477 F.2d 991 (CA5, 1973). The necessary congruence of essential physical elements is present in the two offenses with which we are here concerned. Examining the contours of the two offenses, we see that the physical elements of the offense charged are, in the language of the indictment, dual in nature—"carry[ing] on the business of a retail dealer in liquors" and "fail[ing] to pay the special tax." The physical elements of the prior state offense were similarly dual—unlawful sale of an alcoholic beverage while not holding a license permitting such sale. The state offense could be committed by making a single and casual sale of liquor, but this possibility does not cause it to lack sufficient nexus to the carrying on of a retail business in liquor, which embraces the concept of repetitive sales of the same type of commodity. The second prong of the physical elements of the offense charged and prior offense is substantially if not wholly concurrent—in both cases failure to comply with a government-imposed condition precedent to carrying on a business activity, in the earlier case purchase of a license and in the present case payment of a special tax.

Having concluded that there is sufficient identity in the contours of the physical elements of the two offenses, we turn to the matter of sufficiency of proof. This circuit committed itself in *Broadway* to the rule that the actual existence, in the prior offense, of the congruent physical elements must be plain, clear and conclusive and that proof of a vague and uncertain character is not permissible. Id. at 995. Proof of the mental ingredients of the prior offense need not be shown, because the significance of the prior conduct is that it tends to prove a pattern of criminal conduct pointing directly toward the act charged, from which the trier of fact can infer circumstantially the intent and knowledge with which the act charged was committed. Id. at 994. In *Broadway* the proof of the prior offense did not meet the standard of clarity and conclusiveness.[2] In the instant case there is no question of sufficiency of the proof that the physical elements were present in the prior offense. The proof consisted of a prior conviction on a plea of guilty by which defendant judicially admitted all elements of the offense.

■ It was not necessary as a prerequisite to admissibility of the record of the state court conviction, which was valid and regular upon its face, to supplement that record by extrinsic evidence establishing that the guilty plea met all constitutional standards of voluntariness. Pretermitting whether involuntariness of the plea, if proved, would require reversal where the prior conviction was used as here, appellant's argument on this point seeks to transmute the right of a defendant to collaterally attack a guilty plea into an affirmative obligation on the prosecution to establish as a prerequisite to admissibility elements relating to voluntariness that might on a proper collateral attack be the subject of inquiry.

Affirmed.

2. In note 4, the court in *Broadway* distinguished United States v. Harrison, 461 F.2d 1127 (CA5, 1972), which, like *Broadway* was an interstate transportation of forged securities case. The court pointed out that in *Harrison* the proof of the physical elements of the prior offense—introduction of forged securities into the stream of commerce by actually passing them—had been sufficient.