**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Napoleon POLLARD and Robert Perry Herman, Defendants-Appellants.**

**No. 74–2707.**

United States Court of Appeals, Fifth Circuit.

March 5, 1975.

Certiorari Denied June 9, 1975.

See 95 S.Ct. 2419.

Robert L. McHaney, Atlanta, Ga. (Court-appointed), for Pollard.

Thomas C. Bianco, Atlanta, Ga. (Court-appointed), for Herman.

John W. Stokes, U. S. Atty., Stanley M. Baum, Sherman D. Johnson, Anthony M. Arnold, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Appellants Robert Perry Herman and Napoleon Pollard together with a third defendant, Donald Lee Herman, were charged and tried under a one count indictment with knowingly, wilfully, and unlawfully taking with the intent to steal $1,060.00 from a bank in violation of Title 18 U.S.C. § 2113(b). Donald Lee Herman entered a plea of guilty and is not before this Court. From judgments and sentences imposed following jury verdicts of guilty at a joint trial Robert Herman and Pollard prosecute this appeal. We find each of their assignments of error to be without merit, and affirm.

On September 20, 1973, three young black men entered the Tenth Street Office of the Citizens and Southern National Bank in Atlanta, Georgia and approached a teller's window. One requested coin wrappers, and when the teller left the window to procure such wrappers Pollard reached over the counter and removed $1,060 in $20 bills from the cash drawer. Appellants were iden-

tified at trial by two tellers, and bank photographs showing their presence during the larceny were received in evidence.

After holding a hearing as to voluntariness outside the presence of the jury, as required by Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, the trial judge permitted FBI agents to testify to confessions made by each appellant. Special Agent Riley related that Robert Herman admitted participating in the larceny and that he had identified himself in one of the bank photographs. Special Agent Parker testified that Pollard identified himself in the photographs in evidence and stated that he was "involved" in the larceny from the C & S Bank. The agent testified that Pollard also said he participated in five or six subsequent California larcenies using the same technique, which he called "till-tapping," in October and November of 1973. The jury was instructed, both immediately after hearing the testimony of Mr. Parker and a second time before retiring to deliberate, that it was to consider Pollard's subsequent acts only as they might bear on his state of mind or intent at the time of the Atlanta offense only if it was satisfied beyond a reasonable doubt that he had committed the acts charged in the indictment, and for that purpose only.

The appellants allege that several trial errors, all revolving around the receipt in evidence of the confessions and photographs, require reversal. These assertions are without merit.

Each of the appellants asserts that error occurred when his confession was received in evidence.

■ Pollard urges that we adopt the novel rule that an oral confession made to a law enforcement officer may not be introduced at a criminal trial. He asserts that despite signing a waiver of his rights he made no confession, arguing that the possibility of abuse is present whenever an accused waives his right to silence, since false testimony as to a confession may be offered even though the suspect was thereafter silent. The safeguard suggested by Pollard is to require that all statements taken by law enforcement officers be reduced to writing and submitted to the suspect for his review as to accuracy. Otherwise, such statements would not qualify for jury consideration.

We reject the invitation to sponsor this departure from time-tested principles of the law of evidence, evolved through centuries of Anglo-American jurisprudence. Such a rule would permit conviction of one defendant on the strength of an incriminating oral statement made to an ordinary citizen, while in the case of a fellow-defendant acquittal might be accomplished because of the exclusion of an oral statement made to an officer even after the execution of a written waiver of rights. The burden of the objection thus appears to be that law enforcement officers are less trustworthy, and more inclined to lie, than ordinary citizens. We perceive no basis for our so concluding. The case of any litigant, whether defendant or government, is subject to damage by false testimony, but the purpose of the trial process is always to find truth and justice by sorting out the true from the false.

■ Pollard also contends that he was under the influence of heroin at the time of questioning by the FBI, and consequently his waiver of rights to any statement he did make was involuntary. Herman similarly urges the involuntariness of his own statement, alleging that he was suffering methadone withdrawal symptoms when questioned. We find the trial judge's contrary careful credibility decision in each instance to be supported by the evidence presented at the respective Jackson v. Denno hearings. It was proper to submit the confessions to the jury for its consideration, qualified as they were by the agents' testimony of observations at the time the statements were taken. See Lego v. Twomey, 1972, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618.

Both appellants on differing theories question the admissibility of testimony as to Pollard's confessed participation in

subsequent similar acts in California in October and November of 1973. The district judge gave careful cautionary instructions to the jury, limiting consideration to the issue of the state of mind or intent of Pollard and directing consideration of the other acts only if the jury was satisfied beyond a reasonable doubt that Pollard had committed the physical acts charged in the offense on trial.

Pollard raises four grounds of objection in this connection: (1) there was no independent corroborative evidence that he had engaged in such subsequent acts; (2) no conviction for such acts was shown; (3) the acts were not continuing in nature; and (4) assuming that he participated in the California incidents, there was no proof that such acts were, under proper legal standards, actually "crimes," and without such proof, such acts may not be considered "similar." The cases cited in this connection do not support Pollard's position. None of the four asserted grounds is meritorious.

■ A widely recognized exception to the general rule that evidence of crimes not charged is inadmissible is use of such evidence to prove criminal intent where the other acts occurred in close proximity in time and the essential physical elements of both offenses are identical. United States v. Broadway, 5 Cir. 1973, 477 F.2d 991; see United States v. Goodwin, 5 Cir. 1972, 470 F.2d 893, cert. denied, 411 U.S. 969, 93 S.Ct. 2160, 36 L.Ed.2d 691; Weiss v. United States, 5 Cir. 1941, 122 F.2d 675, cert. denied, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550; cf. United States v. Rodriguez, 5 Cir. 1973, 474 F.2d 587. Proof of these other acts must be by "plain, clear and conclusive" evidence. Broadway, 477 F.2d at 995. That the acts in question occurred subsequent to the offense charged does not affect admissibility. Goodwin, supra; United States v. Alston, 5 Cir. 1972, 460

F.2d 48, cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122; Roe v. United States, 5 Cir. 1963, 316 F.2d 617; see Rodriguez, supra. None of the cited cases require proof either of convictions for the subsequent acts or that they were of a continuing nature. Neither is independent corroboration necessary where the accused voluntarily confesses. Lastly, the existence of a possible legal or factual reason which might lead to acquittal at a trial for the other offenses is no bar, under our cases. Similar physical elements common to all the offenses rendered proof of the prior acts proper. See Broadway, supra. No distinguishing feature is suggested by counsel on brief. Pollard in his confession lumped the Georgia and California offenses together as "till tappings".[1]

The trial judge in this case did not abuse his discretion in permitting the jury to consider the evidence as to the California offenses, under adequate cautionary instructions. Rodriguez, supra; Goodwin, supra.

■ Herman additionally urges that this evidence was received in violation of his Sixth Amendment right to confront a witness against him since he was unable to cross-examine Pollard as to the other offenses, relying upon Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. The point is not well taken, since Bruton concerned the admission into evidence of the confession of one Evans implicating his co-defendant Bruton, denying to Bruton the right of confronting and cross-examining Evans. Here, Pollard in no way implicated Herman in the California offenses and ample cautionary instructions by the trial judge protected Herman.

■ The final point urged by Pollard, relying on Bruton, is that Herman's confession identifying himself in one of the

---

1. Pollard described his *modus operandi* to FBI Special Agent Parker as follows. He and one or two accomplices would enter a bank and ask a teller for change of a large bill into a smaller one or vice-versa in order to locate the cash drawer and to observe the teller's movements. Thereafter, following a request to the teller for coin wrappers, one of the accomplices would seize the teller's momentary inattention as an opportunity to reach over the counter and remove currency from the cash drawer.

bank photographs later received in evidence violated his (Pollard's) right to confront Herman, because Pollard also appeared in the picture. But Pollard was in no way implicated by the statement. This ground of error, like the other points raised is without substance.

Affirmed.