**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James William BLEWITT,
Defendant-Appellant.**

No. 75–2241.

United States Court of Appeals,
Fifth Circuit.

Sept. 15, 1976.

Rehearing and Rehearing En Banc
Denied Oct. 20, 1976.

Barry H. Powell, Jackson, Miss. (Court-appointed), for defendant-appellant.

Robert E. Hauberg, U. S. Atty., James B. Tucker, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before WISDOM and MORGAN, Circuit Judges, and LYNNE, District Judge.

PER CURIAM:

Defendant James William Blewitt appeals his conviction on both counts of an indictment that charged him with violating 18 U.S.C. § 2 and § 2314 through aiding and abetting the interstate transportation of two forged checks with fraudulent intent and knowledge that the checks were forged.[1] Shortly after Nathan Just, the principal in this crime, was arrested for attempting to cash one of these forged checks, police searched defendant's motel room and obtained much incriminating evidence, including a check protector, blank checks similar to the forged indictment checks, and various false identification cards. At trial, the prosecution introduced into evidence the fruits of this search and the two indictment checks, as well as five allegedly forged checks that were identified as belonging to the same payor, as being filled in with the same unauthorized payee and endorsement, and as being negotiated during the same time period as the two indictment checks. Defendant argues that introduction into evidence of these five checks constituted the admission of proof of other crimes in violation of *United States v. Broadway*, 477 F.2d 991 (5th Cir. 1973). We disagree.

■ Defendant does not seriously dispute the government's contention that admission of these five checks falls within certain exceptions to the general rule that evidence showing the commission of crimes not enu-merated in the indictment is inadmissible in a trial for the particular crime charged.

Specifically, this court has held that evidence of the commission of other crimes closely related in both time and nature to the crime charged may be admitted to establish motive, *Huff v. United States*, 273 F.2d 56 (5th Cir. 1959), intent, *United States v. Harrison*, 461 F.2d 1127 (5th Cir. 1972), or the *res gestae*—the common scheme or history of the crime, of which the other crimes constitute a part. *United States v. Hughes*, 441 F.2d 12 (5th Cir. 1971); *United States v. Hatcher*, 423 F.2d 1086 (5th Cir. 1970). Rather, defendant contends that, under *Broadway*, proof of these other offenses must be "plain, clear, and conclusive," 477 F.2d at 995, before they can be admitted into evidence. Accordingly, because there was no proof that Nathan Just or the defendant cashed the five checks in question, defendant argues that proof of them was not plain and that they should not have been admitted into evidence. Defendant misapprehends our holding in *Broadway*. In that case, we were concerned with the principal to a crime and with the fact that the government had not shown, for the purpose of proving intent, that this principal had committed "like" crimes, in that it had failed to prove an element of these crimes essential to demonstrating their similarity. Specifically, in *Broadway*, the prosecution failed to prove that the defendant had cashed the forged checks that were the substance of the "other crimes" sought to be introduced to show intent. Without this showing an essential element of the "other crime" was lacking and its proof was not, therefore, "plain, clear, and conclusive." In the present case, however, we are dealing with an accessory to the crime. As this court has stated, "in order to sustain the conviction of a defendant who has been charged as an aider and abettor, it is necessary that there be evidence showing an offense to

---

1. While 18 U.S.C. § 2 removes, for purposes of punishment, any distinction previously made between the principal to a crime and one who aids and abets it, a distinction between the two is made in this opinion in order to make clear whether Nathan Just or defendant Blewitt is being discussed.

have been committed by a principal and that the principal was aided and abetted by the accused, *although it is not necessary that the principal be convicted or even that the identity of the principal be established.*" *Hendrix v. United States,* 327 F.2d 971 (5th Cir. 1964) (emphasis added). Accordingly, the fact that the identity of the person who cashed the five checks in question has not been affirmatively proved does not mean that one of the elements essential to proving the other crimes is absent. Even though the evidence does not clearly demonstrate that either Nathan Just or the defendant cashed the five checks, it does indicate that the utterance, itself, of these checks constituted crimes under 18 U.S.C. § 2314. The evidence proving these crimes was, therefore, "plain, clear, and convincing." That it could not be shown who cashed the checks is irrelevant in that defendant Blewitt is charged with aiding and abetting in the entire fraudulent scheme and, according to *Hendrix, supra,* it is not necessary to prove the identity of the principal in order to convict a person of aiding and abetting.

Proof of these "other crimes" not violating the test in *Broadway,* they constitute part of the *res gestae,* part of the "system of criminal action," *Hatcher, supra,* involved in the entire fraudulent scheme and were properly admitted into evidence.[2] We likewise hold the defendant's other three contentions—that the evidence was insufficient to sustain his conviction, that two of the trial court's instructions were improper, and that the trial court erred in not suppressing evidence seized during a search of defendant's motel room—to be without merit.

AFFIRMED.

2. While the government attorney argued that introduction of these five checks was proper to prove "motive and intent," we feel that the evidence is more properly characterized either as coming under the *res gestae* or "complete story" exception to the "other crimes" rule, *Hughes, supra,* or as "acts that are part of a larger scheme and have a clear connection with and are part of the crime charged." *United States v. Restrepo,* 417 F.2d 927 (5th Cir. 1969). In this case, the utterance of these five checks was a part of the larger scheme of forgery that the defendant Blewitt was argued to have aided and abetted. This evidence was properly admitted and the improper classification of the particular exception to which it belonged did not prejudice defendant's case.