980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Preston MATHIS, Petitioner-Appellant,
v.
Norris W. MCMACKIN, Supt., Respondent-Appellee.
 No. 92-3220.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1992.
 
 1
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Preston Mathis, an Ohio inmate, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in which he challenged the constitutionality of a 1984 multiple-count conviction. The matter was referred to a magistrate judge who recommended that the petition be dismissed. The district court adopted the recommendation over Mathis's objections and this appeal followed. The parties have briefed the issues; Mathis is proceeding in his own behalf. Mathis requests the appointment of appellate counsel.
 
 
 4
 Upon consideration, we affirm for reasons other than those relied on by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 5
 The district court found that Mathis's claims could not be considered in federal habeas corpus. The court reasoned that Mathis failed to exhaust these claims in state court, was now barred from doing so and could not show sufficient cause and prejudice to excuse the bar.
 
 
 6
 While we do not share the district court's conclusion that Mathis did not "fairly present" his habeas claims in state court, we nonetheless find the petition to be patently meritless. The state appellate court's summary of facts, deemed correct under 28 U.S.C. § 2254(d), convinces us that the evidence of Mathis's guilt of the crimes charged was conclusive and overwhelming. That Mathis gave an oral confession but declined to reduce its terms to writing is of no moment standing alone. See, e.g., United States v. Pollard, 509 F.2d 601, 603 (5th Cir.), cert. denied, 421 U.S. 1013 (1975), and cert. denied by, 423 U.S. 845 (1975).
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation