UNITED STATES of America,
Plaintiff-Appellee,

v.

William Eugene ROBERTS, Defendant-
Appellant.

No. 71–1950.

United States Court of Appeals,
Sixth Circuit.

Sept. 1, 1972.

Robert A. Burns, Toledo, Ohio, for de-
fendant-appellant.

Peter M. Handwork, Asst. U. S. Atty.,
Toledo, Ohio, for plaintiff-appellee;
Frederick M. Coleman, U. S. Atty., Tole-
do, Ohio, on brief.

Before PECK, MILLER and KENT,
Circuit Judges.

KENT, Circuit Judge.

On October 7, 1969, the Union Bank
Company of Kalida, Ohio, was burglar-
ized. The burglars obtained coins, cur-
rency, E Bonds and travelers checks of
a total value of approximately $36,000.
On December 19, 1969, the Grand Jury
returned an indictment in three counts
charging the defendant with (1) enter-
ing a Federally Insured bank with in-
tent to commit a felony in violation of
Title 18 U.S.C. § 2113(a); (2) theft of
items having a value of more than $100

from a Federally Insured bank in violation of 18 U.S.C. § 2113(b); and (3) knowingly receiving, possessing and concealing items of value stolen from a bank in violation of 18 U.S.C. § 2113(b), such knowing receipt and possession of such items being a violation of 18 U.S.C. § 2113(c). The jury acquitted the defendant of the violations charged in Counts I and II of the Indictment and convicted him of the violation set forth in Count III of the Indictment. The defendant was sentenced to imprisonment for a term of 10 years under Count III. Count III of the Indictment contained no allegation as to the value of the goods alleged to have been possessed by the defendant and made no reference to the other counts in the indictment.

The evidence offered by the Government may be summarized. The fact of the burglary of the bank on the night of October 7, 1969, the theft of approximately $36,000 worth of money, bonds and travelers checks, and the fact that the bank was insured by the Federal Deposit Insurance Corporation, were all established by the evidence.

A station wagon, subsequently traced to the defendant, was observed in Kalida near the end of September, 1969, with two unidentified young men in the station wagon. The witness's curiosity was aroused because of the presence of an out-of-state vehicle in the community and the license number was taken. On the night of the burglary one witness observed an unidentified and undescribed station wagon in Kalida but saw no one near the station wagon. At a different time, during the same night, another witness observed four men walking toward a motor vehicle, which he could not describe, parked in approximately the same position as was the undescribed station wagon. After the burglary of the bank had been reported the witness who took the license number of the maroon and white station wagon reported what he had seen to the Federal Bureau of Investigation. After the license number of the station wagon had been traced to the defendant the vehicle was located in Cov-

ington, Kentucky. The defendant was identified as a resident of an apartment house in Lookout Heights, Kentucky, where he was living under the name of William Hollis. Agents of the Federal Bureau of Investigation talked to the owner of the apartment house and asked that they be notified if the defendant moved out so that they could search the apartment. Subsequently, the owner evicted the defendant, notified the Federal Bureau of Investigation that he had been evicted, and a search was made with the permission of the landlord. During the course of the search dry cleaning tickets were found and upon investigation at the dry cleaning establishment there was obtained evidence that with the articles left to be cleaned for "William Hollis" were two "bank money bags" bearing the identification of the National City Bank of Cleveland, Ohio. Inside the money bags were coin wrappers, one of which bore the identification of the "Union Bank Company, Kalida, Ohio." The evidence for the Government established that the Union Bank Company of Kalida had dealings with the National City Bank of Cleveland and used bags similar to those found at the cleaners, but there was no testimony to establish that any such bags were stolen at the time the bank was burglarized. The testimony for the Government established that coin wrappers imprinted "Union Bank Company" were used by the bank which had been burglarized, but again there was no testimony to establish that any coins taken in the burglary were wrapped in such wrappers.

The summary of the evidence set forth above is considered in the light most favorable to the Government, which is the view we are required to take. United States v. Wolfenbarger, 426 F.2d 992 (6th Cir. 1970); United States v. Milby, 400 F.2d 702 (6th Cir. 1968).

On this appeal two issues are presented by the defense. The first issue presented is the assertion that the search of the apartment after the eviction of the defendant was an illegal

search. This point is without merit on this record. The evidence viewed in the light most favorable to the Government adequately supports the trial court's conclusion that there was no collusion between the landlord and the Government Agents resulting in the eviction of Hollis and the subsequent search. We must accept the fact that the defendant was lawfully evicted from the premises and, therefore, the search of the apartment, after the defendant had moved out, with the consent of the landlord, was a legal search. Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). The second issue presented relates to the failure to allege in Count III of the Indictment, the count which resulted in a conviction, that the stolen goods alleged to have been knowingly possessed by the defendant had a value of more than $100.[1]

■■ The Government argues, without citation of authority, that the indictment must be read as a whole, and that because Count II of the Indictment sets forth in detail the value of the items alleged to have been stolen that such value is, therefore, incorporated in Count III of the Indictment, although Count III makes no reference to Count II and does not incorporate any of the allegations of Count II in Count III as permitted by Rule 7(c), Rules of Criminal Procedure, 18 U.S.C.A. The Government's position finds no support in the cases. In ascertaining the sufficiency of the count of an indictment each count must be considered by itself. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 40, 76 L.Ed. 520 (1932); United States v. Russo, 335 F.2d 299 (7th Cir. 1964); United States v. Andreadis, 366 F.2d 423 (2nd Cir. 1966). This whole issue has been reviewed by the Court of Appeals for the Seventh Circuit in United States v. Gordon, 253 F.2d 177 (7th Cir. 1958).

Clearly, an indictment charging an offense which requires a minimum value in relation to stolen goods to constitute the offense must set forth the value as being in excess of the minimum amount required. United States v. Pearce, 275 F.2d 318 (7th Cir. 1960).

Count III of the Indictment in this case could charge nothing more than a misdemeanor because it fails to allege that the goods stolen from the bank and claimed to have been possessed by the defendant had a value of more than $100, and no reference was made in Count III of the Indictment to Count II of the Indictment. On this basis alone it would be necessary to remand the case for resentencing of the defendant. Tinder v. United States, 345 U.S. 565, 73 S.Ct. 911, 97 L.Ed. 1250 (1953); United States v. Marpes, 198 F.2d 186 (3rd Cir. 1952); United States v. Scarlata, 214 F.2d 807 (3rd Cir. 1954). Because of the result we reach we find it unnecessary to remand the case for resentencing.

Viewing all of the evidence for the Government in the light most favorable to the Government convinces us, after a careful examination of the transcript, that the evidence was insufficient to take the case to the jury and that a judgment of acquittal should have been entered.

The evidence in support of the Government's claims must be something more than a mere scintilla. As stated by the Court in United States v. Martin, 375 F.2d 956, 957 (6th Cir. 1967):

"Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred."

---

[1]. Count III of the Indictment reads: "On or about October 7, 1969, in the Northern District of Ohio, Western Division at Kalida, WILLIAM EUGENE ROBERTS did receive, possess, conceal and store property, money and other things of value, knowing the same to have been stolen from a bank in violation of Title 18, Section 2113(b) in violation of Title 18, Section 2113(c) of the United States Code."

In considering the adequacy of circumstantial evidence in a criminal case, this Court has recently had occasion to say in United States v. Wages, 458 F.2d 1270, 1271:

"When the prosecution finds it necessary to establish one of the essential elements of the crime by circumstantial evidence then that evidence and the reasonable inferences to be drawn therefrom must not only be consistent with guilt but inconsistent with innocence. As said by the Court of Appeals for the Fifth Circuit in Fitzpatrick v. United States, 410 F.2d 513, 516 (1969):

'But in a circumstantial evidence case the inferences to be drawn from the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. Montoya v. United States, supra [5 Cir., 402 F.2d 847].' "

The circumstantial evidence offered to show possession by the defendant of money bags and coin wrappers was insufficient to justify any inference that the money bags and coin wrappers had been stolen in the bank burglary. Absent such a permissible inference there is no evidence to support a conviction under Count III of the Indictment.

At the conclusion of the Government's case defense counsel made a motion for a judgment of acquittal, Rule 29, Rules of Criminal Procedure, 18 U.S.C.A., which was denied by the trial court. The issue as to the sufficiency of the evidence was not raised on this appeal. However, a careful examination of the transcript of the testimony demonstrates such a clear lack of evidence to support the conviction that it forces us to the conclusion that the failure to grant the motion for judgment of acquittal was plain error "affecting substantial rights" within the meaning of Rule 52, Rules of Criminal Procedure, 18 U.S.C.A.

One further matter requires discussion. The motion for judgment of acquittal presented by defense counsel on the trial of the case could have been of no more assistance to the trial court than were the briefs filed by the parties of assistance to this Court. The brief for the Government cites one case as to one issue, the brief for the defense does not cite any case as to any issue. In evaluating the defense motion for judgment of acquittal it would have been necessary for the trial judge, in the heat of the trial, to do what this Court has been required to do, i. e., examine all of the testimony and search for the appropriate authorities relating to the issues presented without the slightest assistance from counsel. This is more than any trial judge should be required to do during the course of a trial, and certainly attorneys representing defendants in criminal cases should accept the obligation of assisting the trial court by citing proper authorities, and should assist the appellate court by preparing a proper appendix and submitting a brief which makes reference to the appropriate cases and Rules.

The judgment of the District Court is reversed and the case is remanded for the entry of a judgment of acquittal.