**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Richard STUMPF,
Defendant-Appellant.**

No. 86–6034
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1987.

Paul Kennedy, Houston, Tex. (Court-appointed), for defendant-appellant.

Henry K. Oncken, U.S. Atty., John R. Braddock, Susan L. Yarbrough, James R. Gough, Evan M. Spangler, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEE, RUBIN, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Charles Richard Stumpf appeals his conviction, following his guilty plea, on ten counts of embezzlement in violation of 18 U.S.C. § 657, and one count of making false entries in the records of a savings and loan in violation of 18 U.S.C. § 1006. Stumpf contends, first, that the indictment returned against him contained a fatal defect, and, second, that he received ineffective assistance of counsel in the proceedings in the district court. We find neither of Stumpf's claims to be meritorious; therefore, we affirm the district court's judgment.

### I.

Stumpf embezzled approximately $434,-000 from Home Savings Association, Houston, Texas, while employed there as Assistant Vice-President and Branch Manager. The embezzlement occurred approximately between December 14, 1982, and August 25, 1983. The appellant was called in for questioning by the FBI in late 1983 and at that time admitted to having embezzled the funds.

On June 20, 1986, Stumpf was indicted on thirty-three counts of embezzlement in violation of 18 U.S.C. § 657 and on three counts of making false entries in the records of a federally insured savings and loan in violation of 18 U.S.C. § 1006. Stumpf pled not guilty to all counts of the indictment at his arraignment. Subsequently, at a rearraignment he pled guilty to ten of the embezzlement counts and one of the false entry counts pursuant to a plea agreement he had made with the government.

Stumpf was sentenced on the eleven counts to which he had pled guilty and the government moved to dismiss the remaining counts in the indictment in accordance with the plea agreement. Among the twenty-five counts that were dismissed were several counts that were defective because they alleged that Stumpf had embezzled as an employee of the savings and loan after his employment there had ceased. Stumpf was sentenced to three consecutive four-year terms of imprisonment on the embezzlement counts and five years supervised probation on the false entry count to follow his sentences of imprisonment.

After his sentencing Stumpf discharged his attorney and sought the district court's permission to file an appeal out of time. The court granted Stumpf's motion and he subsequently filed this appeal.[1]

### II.

■ Stumpf argues that the defective counts of the indictment under which he was charged render the entire indictment defective thereby necessitating vacation of his conviction. This argument finds no support in the law. Each count of an indictment is regarded as if it were a separate indictment. *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); *United States v. Huff*, 512 F.2d 66, 69 (5th Cir.1975). Thus defec-

---

1. This appeal is prosecuted for Stumpf by counsel appointed by this court pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.

tive counts of an indictment do not render otherwise valid counts of the same indictment invalid. *See Huff,* 512 F.2d at 69.

■ Stumpf does not contend that the counts to which he pled guilty are themselves defective. All of the defective counts of the indictment under which Stumpf was charged were dismissed. The counts to which Stumpf pled guilty are valid and the dismissed defective counts do not affect the validity of Stumpf's conviction.

### III.

Stumpf also argues that he was inadequately represented by counsel in the district court and appeals his conviction on that basis. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), sets out the two-part standard for reviewing ineffective assistance of counsel claims in the context of challenges to convictions based on guilty pleas. First, the appellant "must show that counsel's representation fell below an objective standard of reasonableness." 474 U.S. at 57, 106 S.Ct. at 369, 88 L.Ed.2d at 209. Second, the appellant must prove that he was prejudiced by counsel's poor representation.

In order to prove prejudice, appellant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S.Ct. at 370, 88 L.Ed.2d at 210; *see United States v. Gavilan,* 761 F.2d 226, 228 (5th Cir.1985). The Court in *Lockhart* specifically stated that when the alleged error of counsel is failure to advise of an affirmative defense, the outcome of the prejudice element of the test "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart,* 474 U.S. at 59, 106 S.Ct. at 371, 88 L.Ed.2d at 210.

Stumpf bases his claim that the representation provided him by counsel fell below an objective standard of reasonableness on several points. He claims, first, that counsel failed to advise him of fatal defects in the indictment; second, that counsel failed to raise the issue of the government's delay in indictment as a defense to the action;

third, that counsel failed to advise that by pleading guilty he waived the delay of indictment defense; fourth, that counsel misrepresented the nature of the plea agreement; and lastly, that counsel was inattentive to his case.

### A.

■ Stumpf's first claim, that counsel failed to advise him of fatal defects in the indictment, is without merit. As discussed above, the fact that some counts of the indictment, which were later dismissed, were defective did not render the entire indictment defective. An affirmative defense that the indictment was defective would have been baseless and would not have succeeded at trial. Failure of counsel to advise of the defense, therefore, does not constitute ineffective assistance of counsel.

### B.

■ Stumpf's second and third claims of incompetence, that counsel failed to raise the government's delay in indictment as a defense and failed to advise appellant that by pleading guilty he waived the defense, are also baseless. Although the government waited approximately 34 months between the time it first questioned Stumpf and the time it sought an indictment, the indictment was issued within the applicable statute of limitations, 18 U.S.C. § 3282, and Stumpf suffered no prejudice in the defense of his case resulting from the delay.

Fed.R.Crim.P. 48 permits the court to dismiss an indictment if there is unnecessary delay in presenting the charge to a grand jury. The language, however, is permissive, not mandatory, and the Supreme Court has read the rule narrowly, holding that its application is limited to post-arrest delays. *United States v. Marion,* 404 U.S. 307, 319, 92 S.Ct. 455, 462, 30 L.Ed.2d 468 (1971). The Court in *Marion* noted that statutes of limitation provide the primary protection against "overly stale criminal charges." *Id.* 404 U.S. at 322, 92 S.Ct. at 464.

Nevertheless, the due process clause of the fifth amendment also provides some

protection against excessive delay. To establish that the delay in securing an indictment violated his due process rights, Stumpf must, as a threshold matter, prove that he suffered actual prejudice as a result of the delay. *United States v. Lovasco*, 431 U.S. 783, 789–90, 97 S.Ct. 2044, 2048–49, 52 L.Ed.2d 752 (1977); *United States v. Marino*, 617 F.2d 76, 83–84 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 575, 66 L.Ed.2d 474 (1980). The defendant claiming the violation bears the burden of proving actual prejudice. *United States v. Marino*, 617 F.2d at 83 (citing *United States v. West*, 568 F.2d 365, 367 (5th Cir.), *cert. denied*, 436 U.S. 958, 98 S.Ct. 3073, 57 L.Ed.2d 1123 (1978)).

Stumpf has failed to allege, much less prove, that he suffered prejudice as a result of the government's delay in seeking the indictment. An independent review of the record reveals no prejudice, and, indeed, it is difficult to imagine how the delay could possibly have prejudiced Stumpf's defense since he admitted to the embezzlement when questioned in 1983.

Thus, the failure of Stumpf's counsel to raise the delay in indictment as a defense was not error, but was, instead, in keeping with established law. The defense itself was meritless and would not have succeeded at trial. Counsel's decision neither to raise the defense nor to advise Stumpf that by pleading guilty he waived it was objectively reasonable and, therefore, cannot serve as the basis for a claim of ineffective representation.

### C.

Stumpf's fourth and fifth claims, that counsel provided ineffective representation by misrepresenting the nature of the plea agreement and by being inattentive to his case, are not supported by the record. Stumpf alleges that counsel told him that the prosecution felt that he would probably "get probation" and that the prosecution was not going to recommend that he serve any time in prison. Stumpf was aware, however, that the written reduced counts plea contained no such statements, promises, or recommendations. He did not object to these omissions. In addition, at the rearraignment of Stumpf, at which Stumpf entered his plea of guilty, he specifically denied that anyone had suggested to him that the court would be lenient on him or give him probation if he pled guilty. Such statements made to the court when a guilty plea is entered "carry a strong presumption of verity," and "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal...." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Furthermore, a defendant's reliance on his attorney's erroneous prediction of leniency is not sufficient to render a guilty plea involuntary. *Hollis v. United States*, 687 F.2d 257, 260 (8th Cir.1982), *cert. denied*, 459 U.S. 1221, 103 S.Ct. 1228, 75 L.Ed.2d 462 (1983); *Masciola v. United States*, 469 F.2d 1057, 1059 (3d Cir.1972).

Stumpf failed to support his allegation with any specifics such as the date of the statement, the circumstances in which it was made, or the existence of any witnesses to the statement. His allegation that his attorney misrepresented the nature of the plea is wholly conclusory and unsupported by the record. Even if Stumpf's attorney did tell Stumpf that he thought the court would be lenient, given that Stumpf knew that no promises of leniency were contained in the plea and swore in open court that he was not promised leniency, there is not a reasonable probability that but for counsel's statement Stumpf would not have pleaded guilty and would have insisted on going to trial. Therefore, counsel's alleged statements regarding leniency do not amount to ineffective assistance of counsel.

Finally, Stumpf's claim that his counsel was inattentive to his case is simply not supported by the record and contradicts his statement at his rearraignment that he was satisfied with his counsel.

### IV.

For the the reasons stated above, the judgment of the district court is AFFIRMED.