**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Richard STUMPF,**
**Defendant–Appellant.**

No. 89–2209.

United States Court of Appeals,
Fifth Circuit.

May 11, 1990.

Charles Richard Stumpf, Pittsburgh, Pa., pro se.

Frances H. Stacy, Paula C. Offenhauser, John R. Braddock, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG, REAVLEY, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Charles R. Stumpf appeals from the district court's denial of his Rule 35(a) motion to correct an illegal sentence, arguing that his sentence is illegal because it includes restitution as a condition of probation and he was not warned that restitution might be ordered if he pleaded guilty. Considering Stumpf's untimely 35(a) motion as a petition for habeas corpus, we conclude that the ordered restitution was within the penalty range explained before the plea and that there was no "complete miscarriage of justice or process inconsistent with the rudimentary demands of a fair procedure." We also reject Stumpf's contention that it was illegal to condition probation on his payment of valid debts.

I

Stumpf was indicted on June 20, 1986, on 33 counts of embezzlement in violation of 18 U.S.C. § 657, and on three counts of making false entries in the records of a savings and loan in violation of 18 U.S.C. § 1006. He first pleaded not guilty to all of the charges, but, as a result of a plea bargain, entered guilty pleas to 10 counts of embezzlement and one count of making false entries. In the written plea agreement Stumpf acknowledged that his maximum sentence could include fines totaling $60,000. The court also told him this at rearraignment on August 25, 1986. The district court sentenced Stumpf to a total of 12 years imprisonment on the embezzlement counts, to five years imprisonment on the making false entries count, suspending its execution, with supervised probation for five years to run consecutively to the prison terms. Probation was conditioned on restitution in the amount of $11,066.85 to Home Savings Association and payment of a promissory note to its bonding company, upon which Stumpf was already obligated, in the amount of $422,942.41.

Stumpf filed his notice of appeal on December 18, 1986. Stumpf made four arguments in his first appeal to this court. First, he argued that trial counsel failed to assert delay in indictment. Second, he argued his trial counsel lied about the plea bargain, telling him that he would not have to pay restitution. Third, he argued that his trial counsel failed to advise him that by changing his plea to guilty, he waived his right to complain about the government's delay in indicting him. Fourth, he alleged that his counsel erroneously advised him to plead guilty in spite of a defective indictment. We found Stumpf's claims meritless, concluding that Stumpf did not receive ineffective assistance of counsel, and affirmed the district court's judgment, the mandate issuing on October 1, 1987. *United States v. Stumpf,* 827 F.2d 1027 (5th Cir.1987).

On December 7, 1987, Stumpf moved for reduction of sentence pursuant to Rule 35(b), Fed.R.Crim.P., within its 120 day time limit. He acknowledged that in 1983 he had agreed with the bonding company of Home Savings to repay the loss, and had attempted to make monthly payments of $350 per month by its terms. He argued that he would attempt to repay the debt

and was contrite for his errors. Stumpf made no mention of his present contention that the sentencing court failed to warn him that he might have to pay restitution. The district court denied the motion on December 28, 1987, unpersuaded of Stumpf's contrition.

On August 19, 1988, Stumpf filed a *pro se* motion under Rule 35(a), Fed.R.Crim.P., alleging that conditioning probation on restitution was illegal because the court did not inform him of that possibility before he pleaded guilty. On February 13, 1989, the district court denied Stumpf's motion, finding that the court's failure to warn him about restitution was harmless error, for the order to pay $11,066.85 to Home Savings was less than the $60,000 in possible fines that Stumpf knew when he pleaded guilty that he might have to pay. The district court also found that the $422,942

> promissory note was not restitution, but rather was a pre-existing obligation for which Defendant was responsible prior to being charged with these offenses. The obligation to pay the note arose on November 17, 1983. The indictment in this case was not entered until June 20, 1986. Additionally, Defendant's compliance with the note is not essential to the sentence; the sentence may otherwise be fulfilled by a period of incarceration.

Stumpf filed notice of appeal on February 22, 1989.

## II

The government argues that Stumpf's Rule 35(a) motion was not timely because it was not filed within 120 days of the mandate in his initial appeal. The argument is that the motion was subject to the time limit of the rule because, although it is styled as a Rule 35(a) motion to correct

illegal sentence, it actually complained that restitution was imposed in an *illegal manner*.[1]

■ We do not need to decide whether a 35(a) motion to correct a sentence imposed in an illegal manner would be time barred, for although styled as a Rule 35(a) motion, the motion here is actually a collateral attack on Stumpf's conviction which may be considered at any time. The imposition of an order of restitution is legal for the crimes to which Stumpf pleaded guilty, so what Stumpf is really contesting is the validity and voluntariness of his guilty plea, even though he says he would rather have his sentence modified than take back his guilty plea.

■ The rule governing acceptance of guilty pleas has three core concerns: the plea must be free from coercion, the accused must understand the nature of the charges against him, and the accused must know the direct consequences of his guilty plea. We have said that an entire failure to address one of these core concerns requires automatic reversal, but lesser violations of the rule are evaluated under a harmless error standard of review. *United States v. Corn*, 836 F.2d 889, 894–95 (5th Cir.1988). Letter perfect compliance with the rule concerning acceptance of guilty pleas is not demanded. *United States v. Corbett*, 742 F.2d 173 (5th Cir. 1984).

The government argues that failure to advise specifically of the possibility of the order of restitution was harmless because Stumpf was told that he might have to pay fines totaling $60,000. This amount is greater than the ordered restitution of $11,066.85. In *United States v. Corn*, the defendant was ordered to pay restitution of over $6 million, and all the court had said

---

1. The offenses occurred before November 1, 1987, and Rule 35 before amendment on November 1, 1987, provided:

Rule 35. **Correction or reduction of sentence.**
(a) Correction of sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of sentence. A motion to reduce a sentence may be made, or a court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of mandate issued upon affirmance of the judgment or dismissal of the appeal....

before the plea was that the court could impose a fine in any amount. This statement was found to be insufficient warning of the restitution order. 836 F.2d at 894–95. We cited the Fourth Circuit's holding of harmless error in *United States v. Fentress*, 792 F.2d 461, 465 (4th Cir.1986), but distinguished it, not only because the district court there had warned the defendant of a possible $40,000 in fines (restitution order $38,000), but also because Fentress was sentenced before the effective date of the 1985 amendment to Rule 11(c)(1) requiring explicit admonition about restitution. It is not uncommon for restitution as a condition of probation to be vacated when the guilty plea was entered without notice of restitution. *See Corn*, and cases cited therein, 836 F.2d at 893 n. 17 & 18.

■ Whatever the consequence of inadequate notice of the possibility of an order of restitution on direct appeal, this is a collateral attack. Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal. Failure to comply with the formal requirements of Rule 11 cannot be considered in a collateral attack under § 2255 unless the defendant shows that the error "resulted in a 'complete miscarriage of justice' or in a proceeding 'inconsistent with the rudimentary demands of fair procedure.' " *United States v. Prince*, 868 F.2d 1379, 1385 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989) (quoting *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979)). Failure to warn that restitution might be imposed is not an error of such magnitude. *Prince*, 868 F.2d at 1385. Because Stumpf was warned that he might have to pay fines up to $60,000, the imposition of an order of restitution in the amount of $11,066.85 certainly did not work a complete miscarriage of justice or result in a proceeding inconsistent with the demands of fair procedure. Whether the amount to be paid is classed as restitution or a fine ordinarily makes little difference in its bite, and warning of one but not the other does not require collateral relief.

The district court also determined that the $422,942.41 promissory note was not court ordered restitution, but was rather a pre-existing obligation which Stumpf was required to pay even before he was charged with any offenses. The failure to warn of this "consequence" was no error, for the obligation to pay was not a consequence of the guilty plea, and would have existed even if Stumpf had pleaded not guilty, although not with the additional enforcing incentives of conditional probation.

■ Stumpf argues that the order to pay the promissory note will result in an illegal sentence, if it results in his being imprisoned for debt.[2] It is true that if Stumpf fails to pay the note for any reason his suspended sentence may be revoked, and he would have to serve jail time. Stumpf argues that "this should be a totally civil matter and not be incorporated into the criminal [sentence]." He cites *United States v. Bruchey*, 810 F.2d 456 (4th Cir. 1987), where the court stated:

> [V]oluntarily executed agreements constitute full and immediate restitution— fully settling the victim's claim against the defendant. The district court, once it found that the agreement had been reached would have no further role to play under the VWPA. The victim could simply enforce the civil obligation through the ordinary civil process.

*Id.* at 460.

It does not follow, however, that it was error to condition probation on the honoring of a civil obligation. At the same time, a judge cannot revoke probation merely because the defendant cannot make restitution. *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). There is no error, however, in ordering payment of the promissory note as a condition of probation, so long as Stumpf is not

---

**2.** This challenge was properly made as a rule 35(a) motion to correct an illegal sentence which is reviewed under a less strict standard than a § 2255 motion. "[T]he error in sentenc-

ing need not be so great as to be jurisdictional or constitutional, but the error must render the sentence imposed illegal." *United States v. Cevallos*, 538 F.2d 1122, 1127–28 (5th Cir.1976).

jailed for failure to pay that is not his fault. *See United States v. Ryan*, 874 F.2d 1052 (5th Cir.), *cert. denied*, ‒‒‒ U.S. ‒‒‒, 109 S.Ct. 1138, 103 L.Ed.2d 199 (1989). Absent such an imprisonment there is no illegality.

AFFIRM.