BLACK, Circuit Judge,
concurring in part and dissenting in part:
I join the majority opinion except as to Part IV.A.2. The majority’s holding that Counts Five through Eight of the indictment were legally insufficient appears to be based on two separate conclusions: (1) that Counts Five through Eight, standing alone, fail to provide Schmitz with sufficient notice of the charges to be defended against, and (2) that we may not look to the factual allegations of Counts One through Four in assessing whether Schmitz had notice of the charges to be defended against in Counts Five through Eight. Because I disagree with the second conclusion and believe that, read in the context of the indictment as a whole, Counts Five through Eight provide sufficient notice of the charges to be defended against, I dissent from this part of the opinion.
Although Counts One through Four of the indictment describe Schmitz’s allegedly fraudulent conduct in detail, the majority concludes that we cannot consider these allegations because it would contradict the principle, articulated in United States v. Huff, 512 F.2d 66, 69 (5th Cir.1975), that “each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated.” As the majority notes, an indictment is valid if it: “(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to *1272 be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.” United States v. Jordan, 582 F.3d 1239, 1245 (11th Cir.2009). While the majority interprets Huff as imposing a broad rule that we examine counts of an indictment in isolation, I read Huffs holding as addressing only the first of these requirements. That is, Huff establishes that the failure to allege an essential element of the offense cannot be cured by looking to other counts of an indictment, but Huff does not require that we read counts in isolation when assessing whether an indictment provided sufficient notice of the charges to be defended against.
In Huff, the defendant was charged in Count I with the unlawful distribution of “3,4 methylenedioxy amphetamine,” a controlled substance. In Count II of the indictment, however, he was charged with possession with intent to distribute “methylenedioxy amphetamine.” The defendant argued that Count II was void because the drug “methylenedioxy amphetamine,” as distinguished from “3,4 methylenedioxy amphetamine,” was not a controlled substance, and the count therefore failed to charge a crime. The prosecution admitted that the substance was misdescribed in Count II, but contended that this count was sufficient when read together with Count I as part of the entire indictment. Huff, 512 F.2d at 68-69.
The Fifth Circuit reversed the defendant’s conviction on Count II. While noting that courts have generally allowed “common sense rather than mere technicalities [to] govern the determination of the sufficiency of an indictment,” the court concluded “even a liberal construction of this simple rule does not dispense with the requirement that an indictment or each count thereof allege all the essential elements of an offense.” Id. at 69 (emphasis added). The court explained:
[E]ach count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated. Here, the challenged count of the indictment alleges nothing more than an act which is legal. And such a failure to allege a crime cannot be remedied by proof or curative instructions which attempt to incorporate other counts not expressly referred to in the challenged count.
Id. (citations omitted) (emphasis added). The court added that it could not regard the defect as a “mere technicality,” because “the variance between non-criminal conduct, as alleged in Count II, and criminal conduct, which the government attempted to prove under Count II, rises above the level of form, however minute the omission may have been.” Id. (emphasis added).
Given Huffs emphasis on the fact that Count II wholly failed to charge a crime, I do not read Huff to establish the broad rule the majority suggests.[1] Moreover, *1273 this Court’s direction that we read an indictment “as a whole” and give it a “common sense construction” in determining its validity, see, e.g., Jordan, 582 F.3d at 1245, supports this narrower reading of Huff.
Considering the indictment as a whole in determining whether a defendant had notice finds support in several of our sister circuits. For example, the Seventh Circuit, in United States v. Dooley, 578 F.3d 582, 590 (7th Cir.2009), considered a defendant’s claim that he lacked notice of the charges against him where one count of the indictment alleged that he “intentionally misapplied property valued at $5,000 or more,” but did not describe the property at issue or how it was misapplied. The court concluded this omission did not render the indictment insufficient because, reading the indictment as a whole, “it is clear that the property described in Count 7 is the cash and the laptop, the misapplication of which are described in detail in the previous counts.” Id. The Ninth and Tenth Circuits have similarly looked to factual allegations in other counts in considering whether an indictment provided sufficient notice. See United States v. Normandeau, 800 F.2d 953, 958 (9th Cir.1986) overruled in part on other grounds as stated in United States v. Nordby, 225 F.3d 1053, 1059 (9th Cir.2000) (holding that reading the indictment as a whole, “[w]e have no doubt that [the defendant] was fully aware of the charges against him”); United States v. Staggs, 881 F.2d 1527, 1531 (10th Cir.1989) (en banc) (noting that even in the absence of express incorporation, “the allegations in count one afforded appellants actual notice regarding the violations proved at trial”).
Additionally, although this Court has not explicitly stated that it is appropriate to consider the factual allegations of other counts in determining notice, our analysis in United States v. Cox, 664 F.2d 257, 257-58 (11th Cir.1981), strongly supports this conclusion. In Cox, the defendant claimed that Count Six, charging him with conversion of “property of the United States of the value of about $24,916.82” was too vague to inform him of the nature of the offense charged. This Court concluded that the defendant had not been prejudiced in the preparation of his defense, in part because Count Four of the indictment “clearly described the property and identified it by the same value, and the property was again described in detail and by the value in Overt Act 13 of Count Four.” Id. at 258-59.
Such an approach does not mean, as the majority suggests, that “factual allegations in one count are somehow automatically incorporated into other counts.” Maj. Op. at 1262. Rather, we simply consider whether in reading a particular indictment as a whole and giving it a common sense construction, see Jordan, 582 F.3d at 1245, the defendant had notice of the charges to be defended against.
In this case, I must conclude that the federal funds counts provided sufficient notice of the charges to be defended against when read in the context of the indictment as a whole. Contrary to the majority’s description of the federal-funds counts as containing “no factual allegations at all ... regarding the scheme to defraud,” Maj. Op. at 1262 n.10, Counts Five through Eight allege the approximate dates of the fraud (January 2003 to Octo *1274 ber 2006), the location (Madison County and elsewhere), the name of the federal program from which the funds were obtained (CITY), the amount stolen ($177,-251.82), and the form in which Schmitz obtained this amount (as salary and other benefits). Although these counts lack a description of precisely how the fraud was carried out, the dates, location, program, amount, and form in which the funds were obtained are exactly the same as those alleged in describing the fraudulent scheme detailed in Counts One through Four. On these facts, I am unconvinced that Schmitz lacked notice that the fraudulent conduct underlying Counts Five through Eight was the same scheme described in detail in Counts One through Four. I would therefore affirm Schmitz’s convictions, on all counts.

. The majority cites cases from several other circuits to support its conclusion that, absent express incorporation, we may not look to factual allegations in other counts of the indictment. As in Huff, however, most of these cases seem to turn on the failure to include an essential element of the offense under the count at issue. See United States v. Knowles, 29 F.3d 947, 952 (5th Cir.1994) (explaining that the failure to allege a nexus to interstate commerce under a count charging a violation of the Gun Free Schools Act "render[ed] that charge fundamentally defective”); United States v. Miller, 774 F.2d 883, 883 (8th Cir.1985) (holding the indictment was insufficient "in that it failed to cite the state statute alleged to have been violated, an essential element of the offense described in 18 U.S.C. *1273 section 1955”); United States v. Fulcher, 626 F.2d 985, 988 (D.C.Cir.1980) ("[W]e hold that the false pretenses counts, counts four through eight in the indictment, fail to state an offense.”). Nor did United States v. Red-com, 528 F.3d 727, 734-35 (10th Cir.2008), involve facts similar to this case; instead the court was addressing a claim of inconsistency within the indictment.