[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 19-11666 & 19-12723
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00020-CEM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER RAY FAELLA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(July 10, 2020)

Before WILLIAM PRYOR, Chief Judge, and JORDAN and JILL PRYOR, Circuit
Judges.

PER CURIAM:

Christopher Ray Faella appeals the district court's restitution award following his convictions for receipt and possession of child pornography. He argues that the district court abused its discretion by imposing a restitution amount without considering the factors set forth in *Paroline v. United States*, 572 U.S. 434 (2014). He also argues that the district court violated his due process rights by conducting the restitution hearings in his absence.

Because Mr. Faella signed a valid appeal waiver, and the *Paroline* claim is within the scope of that waiver, we dismiss that portion of the appeal. As to the due process claim, we assume without deciding that the appeal waiver does not encompass a claim that the district court imposed sentence without Mr. Faella's presence. But we conclude that Mr. Faella has failed to demonstrate plain error on his due process claim, and we affirm that aspect of the appeal.

## I

Mr. Faella was charged by indictment with five counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1); one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Faella entered into a written plea agreement with the government in which he pled guilty to the receipt of child pornography counts and the possession of child pornography count in exchange for

the government's promise to dismiss the felon-in-possession charge. The agreement included a section on mandatory restitution, in which Mr. Faella agreed to make restitution to known victims of his offenses, "for the full amount of the victims' losses as determined by the Court." D.E. 28 at 4. The agreement also stated that Mr. Faella "understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses . . . ." *Id.* at 12 (emphasis in original).

The agreement contained a general appeal waiver in which Mr. Faella "expressly waive[d] the right to appeal [his] sentence on any ground," except:

> (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution.

*Id.* at 16–17 (emphasis removed). The appeal waiver also allowed Mr. Faella to appeal if the government appealed. *Id.*

The agreement acknowledged that Mr. Faella was entering it voluntarily and that he understood the nature of the offenses to which he was pleading guilty. *See id.* at 17–18. He initialed every page of the agreement and, before his full signature on the last page, he certified that the plea had been read by or to him in its entirety and that he fully understood its terms. *See id.* at 26.

3

At the change of plea hearing, the district court explained the offenses to which Mr. Faella was pleading guilty, the elements of those offenses that the government would have to prove had the case gone to trial, and the maximum penalties corresponding to the offenses. The court then referenced the plea agreement, which Mr. Faella acknowledged was in front of him. The court confirmed that Mr. Faella had initialed every page of the agreement and that he had signed the agreement at the end, indicating he had a chance to review it with his attorney and understood it. The court highlighted some of the major points in the agreement, and generally pointed out that Mr. Faella had expressly waived the right to appeal his sentence: "[Y]ou expressly waive the right to appeal your sentence in accordance with the limitation set forth in your plea agreement. Does all this sound familiar to you?" D.E. 120 at 6:20–24. The court accepted Mr. Faella's guilty plea, concluding that there was a factual basis for the plea and that Mr. Faella had intelligently, freely, and voluntarily waived his rights in entering the plea.

The probation office filed initial and final presentence investigation reports, neither of which provided victim impact statements or contained a recommended restitution amount. Two days before the sentencing hearing, the probation office filed several victim impact statements and restitution requests contained in voluminous supplements to the presentence report that the government had

4

inadvertently failed to timely share with opposing counsel and the probation office. The district court ultimately postponed the sentencing hearing to a later date.

The probation office continued to file victim impact statements and restitution requests in supplements to the presentence investigation report, all of which Mr. Faella opposed. Owing to the number of victims who were still coming forward with restitution requests, the government filed a motion to bifurcate the restitution hearing.

At the sentencing hearing, and over defense counsel's objection, the district court granted the government's motion in part and scheduled the restitution hearing for a later date, stating in its scheduling notice that "Defendant's Presence is required." D.E. 76. Mr. Faella was present at the sentencing hearing and spoke during the allocution portion. The court imposed concurrent 168-month terms of imprisonment for the child pornography offenses and, consistent with Mr. Faella's plea agreement, dismissed the felon-in-possession charge. Just before going into recess, the court noted that Mr. Faella should be transported back to the court in order to be physically present for the restitution hearing.

At the first restitution hearing a few weeks later, the parties stated they had not been able to come to an agreement regarding the restitution amount. After hearing both sides' positions, the court directed the parties to submit additional arguments in writing to assist it in making its decision as to the proper restitution

amount. The minutes for the first restitution hearing do not list Mr. Faella as being present, but the transcript could be read as indicating that he attended. *See* D.E. 126 at 7:1–3 (court noting Mr. Faella is "not waiving his right to be here, and it's perfectly appropriate"); *id.* at 44:2–5 ("[D]oes your client want to be here for—well, no, we're just doing written submissions. There won't be another hearing. So we won't have to meet again.")

A few weeks after the first restitution hearing, Mr. Faella's counsel requested oral argument regarding the applicability of our decision in *United States v. Rothenberg*, 923 F.3d 1309 (11th Cir. 2019), to the government's request for restitution. The district court held a second restitution hearing to hear argument as to the impact of *Rothenberg* and as to the restitution issue more broadly. Afterwards, the court issued an order requiring Mr. Faella to pay $52,500 in restitution to a number of victims. The court's minutes for the second restitution hearing does not conclusively indicate whether Mr. Faella was present, but defense counsel did not make any objection or indicate Mr. Faella's absence.

## II

Both parties acknowledge the existence of the appeal waiver, but the government presses the preclusive effect of the waiver on Mr. Faella's appeal in its response brief. Mr. Faella did not submit a reply brief to address the government's argument, or explain why his appeal waiver is invalid or how his arguments on

appeal can survive it.  If the appeal waiver in Mr. Faella's plea agreement applies, Mr. Faella would be barred from raising his claims and we would be required to dismiss his appeal.  *See United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016) (citations omitted).

## A

Mr. Faella's first argument on appeal is that the district court abused its discretion by failing to consider the factors set forth in *Paroline* in determining the proper amount of restitution.  This argument does not fall under any of the three appeal waiver exceptions in the agreement.  That claim is therefore permissible only if we conclude that the appeal waiver is invalid or unenforceable.

We review the validity of a sentence appeal waiver *de novo*.  *See United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  A waiver will be enforced if it was made knowingly and voluntarily.  *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically discussed the waiver with the defendant at the plea colloquy, or that (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *See id.* at 1351.  "[A]n examination of the text of the plea agreement," standing alone, is insufficient to find that the defendant made the appeal waiver knowingly and voluntarily.  *Id.* at 1352.  "Without a manifestly clear indication in

7

the record that the defendant otherwise understood the full significance of the sentence appeal waiver, a lack of sufficient inquiry by the district court during the [Fed. R. Crim. P.] 11 hearing will be error." *Id.* Restitution is part of a sentence and a challenge to a restitution amount can be waived by a valid appeal waiver. *See Johnson*, 541 F.3d at 1067–68.

According to his plea agreement, Mr. Faella expressly waived his right to appeal on all but three narrow grounds. At his plea colloquy, he attested that he had an opportunity to read the agreement with his attorney, and that he understood it. The district court noted the appeal waiver among other provisions of the plea agreement, and Mr. Faella confirmed the district court's summary. Although this was not as extensive and probing an inquiry as we would want, we have previously determined that a waiver is enforceable in similar circumstances—where a defendant professed to understand it during the plea colloquy, confirmed that he had read the plea agreement and knew that it was binding, and entered into the plea agreement freely and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1323–24, 1333 (11th Cir. 2001) (holding that an appeal waiver was valid where it was "referenced" at the Rule 11 hearing and where the district court established that the defendant had read and understood "every page and every word" of the plea agreement).

Because the appeal waiver is valid, and because Mr. Faella's *Paroline* argument does not come within the waiver's exceptions, we dismiss that portion of the appeal.

**B**

We have recognized that "there are certain fundamental and immutable legal landmarks within which the district court must operate regardless of the existence of sentence appeal waivers." *Bushert*, 997 F.2d at 1350 n.18. *See also United States v. Blick*, 408 F.3d 162, 171–72 (4th Cir. 2005) ("[A] defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations.") (citation omitted).

Mr. Faella's second argument—that the district court violated his due process rights by conducting the restitution hearings without him—implicates these concerns. The U.S. Constitution and the Federal Rules of Criminal Procedure protect a defendant's right to be present at his trial and sentencing. *See* Fed. R. Crim. P. 43(a)(2)–(3) (requiring that "the defendant must be present at . . . every trial stage," including "sentencing"). *See also United States v. Mosquera*, 886 F.3d 1032, 1043 (11th Cir. 2018) (stating that a criminal defendant's right to be present at trial is based in the Confrontation Clause of the Sixth Amendment, the Due Process Clause of the Fifth Amendment, and Federal Rule of Criminal Procedure 43); *United States v.*

9

*Huff*, 512 F.2d 66, 71 (5th Cir. 1975) ("[S]entencing is, of course, a critical stage of the proceedings against the accused, at which he is constitutionally entitled to be present and represented by counsel."). We assume, without deciding, that Mr. Faella's due process claim is not barred by the appeal waiver.

We conclude, however, that Mr. Faella's possible absence from the restitution hearings did not constitute plain error. Plain error is the appropriate standard of review because defense counsel did not object to Mr. Faella's possible absence from the two restitution hearings. *See United States v. Margarita Garcia*, 906 F.3d 1255, 1266–1268 (11th Cir. 2018).

First, it is not clear from the record whether Mr. Faella was actually absent from the proceedings. At the first restitution hearing, the court stated Mr. Faella was "not waiving his right to be here." D.E. 126 at 7:1–3. It then stopped itself before asking whether Mr. Faella wanted to be present at a future hearing on restitution, given that the parties were "just doing written submissions," because there would not be another hearing. *See id.* at 44:2–5. The court had, at the prior sentencing hearing, recognized that Mr. Faella requested to be physically present for the restitution hearing and that he should be transported back. *See* D.E. 122 at 42:2–8. The minute entries for the hearings in the case generally do not indicate whether Mr. Faella was present and the transcripts for these hearings do not list Mr. Faella as a participant—even though we know from the transcripts that he was present, for

10

example, at the sentencing hearing, where he spoke, and at a hearing on a motion to reduce sentence, where the court reporter noted that Mr. Faella entered the courtroom. *See* D.E. 122 at 10:10–11:7; D.E. 124 at 2:19. We cannot conclude on this record that Mr. Faella was absent merely because he is not formally listed as present in the transcripts or minute entries of the restitution hearings.[1]

Second, even if Mr. Faella was absent, his counsel—as noted—did not object to his absence at the restitution hearings. Nor did counsel include a request that Mr. Faella be present at the second restitution hearing when he moved for oral argument regarding the effect of *Rothenberg*. Defense counsel therefore may have waived the ability to challenge this purported error on appeal. *See United States v. Brantley*, 68 F.3d 1283, 1291 (11th Cir. 1995) ("Failure to assert the right to presence or to object to a violation of Rule 43 may constitute a valid waiver."). We therefore fail to see how there was error that was plain.

Third, we do not deem any error to have affected Mr. Faella's substantial rights. Assuming Mr. Faella was absent, and viewing the record as a whole—and particularly the restitution hearing transcripts—his absence did not undermine his ability to receive a fair and just hearing. *See United States v. Gagnon*, 470 U.S. 522,

---

[1] In recounting the facts of the case, Mr. Faella's counsel does not assert that Mr. Faella was absent, relying instead on the record's silence as to his appearance at the restitution hearings. *See* Br. of Appellant at 12–15; *id.* at 17 ("There is nothing in the record that affirmatively states that Mr. Faella attended either of the two restitution hearings."). Trial counsel for the government does not recall whether he was present. *See* Br. of Appellee at 25 n.4.

11

526 (1985) (per curiam) ("[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.") (citation omitted; alteration in original). Mr. Faella's presence was not reasonably likely to change the outcome of the proceeding. At the first restitution hearing, counsel ably advocated for Mr. Faella and argued against the restitution amount pressed by the government, citing to legal authorities and the specific factual details of Mr. Faella's case. The second restitution hearing regarding the effect of *Rothenberg* involved purely legal arguments, which defense counsel handled with competence. Finally, the district court awarded less restitution than the government sought. *See* D.E. 141 at 2–5. Any error did not affect Mr. Faella's substantial rights.

## III

Mr. Faella's *Paroline* argument is within the scope of his appeal waiver, and we therefore dismiss it. Assuming that his due process claim is not barred by the appeal waiver, Mr. Faella has not satisfied the plain error standard.

**DISMISSED IN PART AND AFFIRMED IN PART.**

12